BROWN, J., Concurring.—
Although I agree with most of the majority’s reasoning, I write separately on the issue of apportioning arbitral costs. The majority takes the simple approach: where the employer imposes mandatory *128 arbitration and the employee asserts a statutory claim, the employer must bear all costs “unique to arbitration.” (Maj. opn., ante, at p. 113.) Simplicity, however, is not a proxy for correctness. As explained below, I do not believe that the possible imposition of arbitration forum costs automatically undermines an employee’s statutory rights. Accordingly, I see no reason to adopt the majority’s preemptive approach. Instead, the issue of apportionment is better left to the arbitrator, and any problems with the arbitrator’s decision should be resolved at the judicial review stage.
In adopting the bright-line approach advocated by Cole v. Burns Intern. Security Services (D.C. Cir. 1997) 105 F.3d 1465, 1484-1485 [323 App.D.C. 133] (Cole), the majority argues that the mere risk that an employee may have to bear certain arbitral costs necessarily “chills the exercise” of her statutory rights. (Maj. opn., ante, at p. 110.) Thus, arbitration is not a reasonable substitute for a court if arbitral costs, such as the arbitrator’s fees, may be imposed on the employee. (See Cole, supra, 105 F.3d at p. 1484.) The majority, however, assumes too much. “[A]rbitration is often far more affordable to plaintiffs and defendants alike than is pursuing a claim in court.” (Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith (1st Cir. 1999) 170 F.3d 1, 16 (Rosenberg); see also Koveleskie v. SBC Capital Markets, Inc. (7th Cir. 1999) 167 F.3d 361, 366 (Koveleskie).) Because employees may incur fewer costs and attorney fees in arbitration than in court, the potential imposition of arbitration forum costs does not automatically render the arbitral forum more expensive than—and therefore inferior to—the judicial forum. (See Arakawa v. Japan Network Group (S.D.N.Y. 1999) 56 F.Supp.2d 349, 354 (Arakawa).)
The majority’s approach also ignores the unique circumstances of each case. Not all arbitrations are costly, and not all employees are unable to afford the unique costs of arbitration. Thus, the imposition of some arbitral costs does not deter or discourage employees from pursuing their statutory claims in every case. (See, e.g., Williams v. Cigna Financial Advisors Inc. (5th Cir. 1999) 197 F.3d 752, 763-765 (Williams) [compelling arbitration because the employee did not show that he was unable to pay the arbitral costs or that these costs would deter him from pursuing his claims]; Mc-Caskill v. SCI Management Corp. (N.D.Ill. June 22, 2000, No. 00C1543) 2000 WL 875396 at p. *3 (McCaskill) [compelling arbitration because there was no evidence that the costs of arbitration would be prohibitively expensive for the employee]; Cline v. H.E. Butt Grocery Co. (S.D.Tex. 1999) 79 F.Supp.2d 730, 733 (Cline) [compelling arbitration because there was no evidence that the employee would have to pay any costs or that the employee could not afford to do so].) Indeed, the uniqueness of each case makes it *129 impossible for any court to “conclude that the payment of fees will constitute a barrier to the vindication of . . . statutory rights” without knowing the exact amount the employee must pay. (Arakawa, supra, 56 F.Supp.2d at p. 355.)
Accordingly, I would reject the majority’s approach and follow the approach suggested by courts in several other jurisdictions. (See, e.g., Rosenberg, supra, 170 F.3d at p. 16; McCaskill, supra, 2000 WL 875396 at p. *3; Cline, supra, 79 F.Supp.2d at p. 733; Arakawa, supra, 56 F.Supp.2d at pp. 354-355; see also Williams, supra, 197 F.3d at pp. 763-765.) As long as the mandatory arbitration agreement does not require the employee to front the arbitration forum costs or to pay a certain share of these costs, apportionment should be left to the arbitrator. When apportioning costs, the arbitrator should consider the magnitude of the costs unique to arbitration, the ability of the employee to pay a share of these costs, and the overall expense of the arbitration as compared to a court proceeding. Ultimately, any apportionment should ensure that the costs imposed on the employee, if known at the onset of litigation, would not have deterred her from enforcing her statutory rights or stopped her from effectively vindicating these rights. (See Mitsubishi Motors v. Soler Chrysler-Plymouth (1985) 473 U.S. 614, 637 [105 S.Ct. 3346, 3359, 87 L.Ed.2d 444] [“[S]o long as the prospective litigant effectively may vindicate [her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function.”]; Arakawa, supra, 56 F.Supp.2d at p. 355.)
If the employee feels that the arbitrator’s apportionment of costs is unreasonable, then she can raise the issue during judicial review of the arbitration award. (See Rosenberg, supra, 170 F.3d at p. 16 [judicial review is sufficient to guard against the imposition of unreasonable fees]; Koveleskie, supra, 167 F.3d at p. 366 [same].) I believe such an approach is preferable because it accounts for the particular circumstances of each case without sacrificing the employee’s statutory rights.
Chin, J., concurred.